## GILCHRIST v. MOORE.

In replevin, where the possession of the property was rightful originally, the plaintiff must show a demand before bringing his action.

M. purchased the stock in trade of G., for part of which he gave his promissory notes, and for part assumed the payment of certain debts due from G. to other persons for portions of the goods, among which was one to B. for $219,15.  M. also gave G. a mortgage upon the goods, conditioned for the payment of said sums, specifying the accounts thus assumed, including that of B.'s, and providing that in case of failure to pay, G. might take possession at any time he thought proper, and dispose of them at public or private sale, for the payment of those demands. In May, 1856, his debt having become due, B. sued out a writ of replevin and caused a portion of the goods to be delivered to him.   At the next November term, B. had leave to amend, and file a petition in the name of G., for the use of B., setting out the assumption by M. of the indebtedness to B.   At the November term, 1857, the defendant answered, denying the allegations of the petition, which answer treats B. as the plaintiff, and denies his right to recover;  Held, That the court below properly instructed the jury, that B. was not entitled to recover.

*Appeal from the Des Moines District Court.*

SATURDAY, OCTOBER 16.

Moore purchased the stock in trade of Gilchrist, consist-

ing of drugs, medicines, &c., for the consideration of two thousand one hundred and fifty-eight dollars and eighty-eight cents, for part of which he gave his promissory notes, and for part assumed the payment of certain debts, due from Gilchrist to other persons, for portions of the goods, among which was one to Barclay Brothers, of two hundred and nineteen dollars and fifteen cents. Moore also gave Gilchrist a mortgage upon the goods, conditioned for the payment of the said sums, specifying the accounts thus assumed, including that of the Barclays, and providing that, in case of failure to pay, Gilchrist might take possession at any time he thought proper, and dispose of them at public or private sale, for the payment of those demands. Barclay Brothers' account having fallen due, they sued out a writ of replevin, and caused a portion of the goods to be delivered to them. The petition was in their name, and the writ issued in the same name. This was in May, 1856, and at the November term, upon a demurrer sustained, the plaintiffs had leave to amend, and filed a petition in the name of Gilchrist, for the use of Barclay Brothers, setting out the assumption of this indebtedness to Barclay.

At the November term, 1857, the defendant filed an answer, denying the making of the mortgage; the promise to pay the debt of Barclay; the plaintiff's right of possession; and the allegations of the petition throughout. But this answer treats the Barclays as plaintiffs, and denies their right to possession. At the same term the cause came to trial. The plaintiffs requested the court to instruct the jury, that they could recover under the pleadings, which was refused. The defendant asked an instruction that under the pleadings, the plaintiffs, Barclay Brothers, were not entitled to recover, which was given. The jury found in favor of the defendant, and the plaintiffs appeal.

*Starr, Phelps & Robertson,* for the appellants.

*C. Ben Darwin,* for the appellee.

Gilchrist v. Moore.

WOODWARD, J.—It is true that the defendant did not make objection to the amendment of the petition, by which a new plaintiff was introduced into the action, but pleaded to issue, and went to trial. Yet we do not think the plaintiffs can recover. The action is replevin, and the affidavit is in the name of Barclay Brothers, claiming the right of possession in them, and the writ issued in their names, and delivered the property to them. Afterwards, by amendment, Gilchrist is made plaintiff, and yet some of the pleaddings refer to the Barclays as plaintiffs. In truth, the action is brought into great confusion, and this is so great, that it seems impossible to restore it to order.

In the plaintiff's argument he states, by way of apology, that the action was brought in the name of the Barclays, originally by consent and agreement. The question now, however, is whether he can be relieved from the embarrassment into which such consent, not adhered to, has brought him. And we think that the incongruity existing in the different parts of the action, by its original form and the subsequent pleadings, is such as to warrant the court in holding that the plaintiffs could not recover. There are legal difficulties which are not relieved by any consent implied in pleadings.

But there is another ground upon which we come to the same conclusion. The instruction given was that, under the state of the case, as made by the papers, the plaintiffs cannot recover. The action is replevin, brought to recover the possession of goods alleged to be illegally withheld. The rule of law is, that where the possession is rightful in its inception, there must be a demand before bringing action. The possession of Moore was unquestionably rightful. But the plaintiff neither alleges nor proves a demand. Under this state of the pleadings, on his own part, he is not entitled to recover.

The instruction asked by the defendant and given by the court was correct, and the judgment is affirmed.